Case 1:26-cv-00159   Document 5   Filed 02/12/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARVIN DANILO ROJAS, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:26-CV-159 |
| § | |
| WARDEN, PORT ISABEL DETENTION § | |
| CENTER, *et al.*, § | |
| § | |
| Respondents. § | |

## TEMPORARY RESTRAINING ORDER

Petitioner Marvin Danilo Rojas is a national of Guatemala currently detained by United States immigration authorities in Cameron County, Texas. (*See* Emergency Pet., Doc. 1) He has protection from removal to Guatemala.

According to Petitioner, Respondents have attempted to remove him to Mexico without notice and without the opportunity to seek protection from such removal, as he fears he would be subject to persecution in Mexico because he worked in law enforcement in Guatemala. Petitioner seeks immediate injunctive relief to prevent his removal to Mexico without first receiving "an opportunity to present his fear of removal to Mexico before a Government official in the form of a reasonable fear interview[.]" (TRO Motion, Doc. 2–1, 1–2)

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Court finds that the removal of Petitioner by the Respondents would preclude his ability to seek habeas relief and this Court's ability to determine the merit of his claims. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which

challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal). The Court finds that maintaining the status quo is required for the Court to consider the arguments of the parties and to prevent immediate and irreparable injury.

Accordingly, based on the Court's inherent powers and pursuant to Federal Rule of Civil Procedure 65, it is:

**ORDERED** that Respondents are enjoined from removing or deporting Petitioner Marvin Danilo Rojas during the effective dates of this Temporary Restraining Order; and

**ORDERED** that Respondents are enjoined from transferring or relocating Petitioner Marvin Danilo Rojas outside of Cameron County, Texas, during the effective dates of this Temporary Restraining Order.

This Temporary Restraining Order shall expire on the earlier of 5:00 p.m. (central standard time) on Thursday, February 19, 2026, or by Order of the Court.

The parties shall appear for hearing via videoconference for a hearing on the Petition for Writ of Habeas Corpus at 1:30 p.m. on February 18, 2026.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

The Clerk of Court shall serve a copy of the Petition (Doc. 1), the Emergency Motion (Doc. 2), and this Order upon the Respondents.

Issued on February 12, 2026, at 8:30 a.m. (central standard time) in Brownsville, Texas.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge