United States District Court
Southern District of Texas

**ENTERED**

April 28, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARVIN DANILO ROJAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-159 |
| | § | |
| WARDEN, PORT ISABEL DETENTION | § | |
| CENTER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **PERMANENT INJUNCTION**

Petitioner Marvin Danilo Rojas is a national of Guatemala currently detained by United States immigration authorities. Rojas has protection from removal to Guatemala.

In his initial filing of this habeas action, Petitioner alleged that Respondents intended to remove him to Mexico imminently, that he feared removal to that country, and that such removal would violate his statutory and constitutional rights.  Petitioner also raised claims regarding the revocation of his release terms, the constitutionality of his detention, and whether his re-detention violated administrative law principles under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

On February 25, 2026, the Court entered a Preliminary Injunction, which ordered Respondents to "comply with the notice provisions of the 2025 Guidance as to Petitioner, irrespective of whether the Secretary has determined that the country of removal has provided credible diplomatic assurances that aliens removed to that country will not be persecuted or tortured[.]" (TRO Order, Doc. 14, 2)  The Court also ordered Respondents to "not remove Petitioner to the designated third country less than seven days after providing him with the notice of the country to which he will be removed." (*Id.*)

Two days later, the Court ordered the parties to "file a Statement with the Court identifying any issues in this matter that remain unresolved, and presenting any argument against the Court

entering a Permanent Injunction in accordance with the previously issued preliminary injunction." (Order, Doc. 15)

Through their filing, Respondents opposed a permanent injunction requiring Petitioner's release, but did not oppose a permanent injunction that would "solidify" the relief that the Court provided in its Preliminary Injunction. (Statement, Doc. 16)  In his filing, Petitioner indicated that "he does not oppose the entry of a Permanent Injunction in accordance with the previously issued Preliminary Injunction." (Statement, Doc. 17)  Neither side identified any remaining issues that required the Court's consideration.  The Court considers Petitioner's Statement to be an implicit abandonment of the other claims that he alleges in his Petition.

Based on the positions of the parties and the record in this case, the Court concludes that Petitioner Marvin Danilo Rojas has satisfied the requirements for a Permanent Injunction consistent with the relief that the Court afforded in its Preliminary Injunction (Doc. 14).

As a result, it is:

**ORDERED** that Petitioner Marvin Danilo Rojas' Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**;

**ORDERED** that Respondents shall comply with the notice provisions of the 2025 Guidance as to Petitioner, irrespective of whether the Secretary has determined that the country of removal has provided credible diplomatic assurances that aliens removed to that country will not be persecuted or tortured, and subject to the other requirements in this Order;

**ORDERED** that Respondents may not remove Petitioner to the designated third country less than seven days after providing him with the notice of the country to which he will be removed; and

**ORDERED** that the remaining causes of action raised by Petitioner Marvin Danilo Rojas are **DISMISSED WITHOUT PREJUDICE AS ABANDONED**.

It is also **ORDERED** that Petitioner's Opposed Motion for Voluntary Dismissal Without Prejudice (Doc. 19) is **DENIED AS MOOT**.

All relief not expressly granted is **DENIED**.

Each party shall bear its own fees and costs.

This a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on April 28, 2026.

Fernando Rodriguez, Jr.
United States District Judge